**FILED**

**November 9, 2015**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 8:42 AM**



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| Gregory Williams,      ) | Docket No.: 2015-08-0305 |
|      Employee,      ) | |
| v.      ) | State File Number: 37336-2015 |
| NewEgg, Inc.,      ) | |
|      Employer,      ) | Judge Jim Umsted |
| And      ) | |
| Chubb Group,      ) | |
|      Insurance Carrier.      ) | |
|      ) | |

## EXPEDITED HEARING ORDER GRANTING MEDICAL BENEFITS

This matter came before the undersigned Workers' Compensation Judge on the Request for Expedited Hearing filed by the employee, Gregory Williams, pursuant to Tennessee Code Annotated section 50-6-239 (2014). Mr. Williams seeks medical and temporary disability benefits for a left shoulder injury. The employer, NewEgg, Inc., denied compensability of Mr. Williams' claim. The central legal issues are whether Mr. Williams provided adequate notice of his alleged injury to NewEgg, and whether the alleged injury primarily arose out of and in the course and scope of Mr. Williams' employment. For the reasons set forth below, the Court finds Mr. Williams' claim is compensable, that he provided a reasonable excuse for late notice, that he is entitled to medical benefits, but that he failed to submit sufficient evidence showing entitlement to temporary disability benefits.[1]

## History of Claim

Mr. Williams is a fifty-year-old resident of Shelby County, Tennessee. He alleged an injury to his left shoulder on November 14, 2014, while lifting boxes at work, and while temporarily working out of his regular job assignment. According to Mr. Williams, he immediately reported his injury to his temporary supervisor, Sandra Jones. However, Ms. Jones denied that Mr. Williams told her he sustained a job-related injury, and in any event, she was not his official supervisor. Mr. Williams testified he thought his injury

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

1

was minor, so he did not seek medical treatment through NewEgg. Instead, he treated with his primary care physician, Dr. Gina Hanissian, at Hanissian Health Care. Dr. Hanissian referred Mr. Williams to an orthopedic specialist, and he began treating with Dr. David Brown at OrthoMemphis on March 27, 2015.

Dr. Brown diagnosed Mr. Williams with left shoulder impingement syndrome and bursitis and treated him conservatively with injections, medication, and a home exercise program until April 17, 2015. On that date, Dr. Brown noted that Mr. Williams had not improved with conservative measures, and he ordered an MRI. Following his visit with Dr. Brown, Mr. Williams spoke to managers Damion Wintery and Carnell McFadden about his continuing shoulder problems. At that time, NewEgg sent Mr. Williams to Concentra Medical Centers for an evaluation of his left shoulder.[2] Dr. Tracye Kyles at Concentra diagnosed Mr. Williams with a shoulder strain and referred him to an orthopedic specialist.

Mr. Williams underwent an MRI of his left shoulder on April 22, 2015. It revealed a normal rotator cuff but showed extensive labral degeneration or a nondisplaced labral tear involving the biceps anchor and posterior and inferior labrum. When Mr. Williams presented to Dr. Brown on May 5, 2015, Dr. Brown diagnosed him with a left shoulder SLAP tear and labral tear. However, Dr. Brown indicated that Mr. Williams' pain had improved and that he could return as needed if his symptoms worsened.

Mr. Williams filed a Petition for Benefit Determination (PBD) seeking medical and temporary disability benefits. The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice (DCN). Mr. Williams filed a Request for Expedited Hearing, and this Court heard the matter on October 26, 2015. At the Expedited Hearing, Mr. Williams asserted that he sustained a job-related injury, gave proper notice, and his claim should be deemed compensable. NewEgg countered that Mr. Williams failed to give notice of his injury as required by statute and his claim should be denied.

**Findings of Fact and Conclusions of Law**

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n*, 725 S.W.2d 935, 937 (Tenn. 1987);[3] *Scott v. Integrity Staffing*

---

[2] A dispute exists as to whether Mr. Williams received a panel of physicians from NewEgg.
[3] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-

*Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

At the expedited hearing, Mr. Williams testified credibly that he injured his left shoulder while working on November 14, 2014. No contrary evidence was submitted. Thus, the Court finds that Mr. Williams sustained a work-related injury on that date. Having so found, the Court must determine whether Mr. Williams is precluded from receiving workers' compensation benefits based upon improper notice.

Tennessee Code Annotated § 50-6-201(a)(1) (2014) provides:

> Every injured employee or the injured employee's representative shall, immediately upon the occurrence of an injury, or as soon thereafter as is reasonable and practicable, give or cause to be given to the employer who has no actual notice, written notice of the injury, and the *employee shall not be entitled to physician's fees or to any compensation that may have accrued under this chapter, from the date of the accident to the giving of notice, unless it can be shown that the employer had actual knowledge of the accident.* No compensation shall be payable under this chapter, unless the written notice is given to the employer within thirty (30) days after the occurrence of the accident, *unless reasonable excuse for failure to give the notice is made to the satisfaction of the tribunal* to which the claim for compensation may be presented. (Emphasis added.)

It is the determination of the Court that Mr. Williams did not properly report his job injury until after his April 17, 2015 visit with Dr. Brown, when he first learned that his condition might be more serious than he initially thought. Until that time, he might have mentioned to a temporary supervisor, Sandra Jones, that his arm hurt, but she was not his direct supervisor, and he did not complete a written incident report or request medical treatment. The Court finds, however, that Mr. Williams' explanation for his delay in giving proper notice was reasonable under the circumstances, as he believed his injury was minor and temporary. Finally, on April 17, 2015, after his left shoulder pain did not improve, Mr. Williams reported his work injury to his supervisors at NewEgg.

July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

3

Thereafter, an injury report was completed, and NewEgg provided Mr. Williams authorized medical treatment at Concentra.

NewEgg filed a notice of denial of Mr. Williams' claim on July 17, 2015, on the basis "[T]here is no clear mechanism of injury. This claimant was injured on 11/19/14, but did not report the injury until April 2015." Pursuant to the requirement of Tennessee Code Annotated section 50-6-201(a)(1), the Court finds that Mr. Williams provided a reasonable excuse for his delay in giving notice of his injury and, therefore, his claim is not barred. It has not been shown that NewEgg had actual notice of the injury, and the first legally sufficient notice of the claim was given by Mr. Williams on April 17, 2015. Therefore, pursuant to statute, Mr. Williams is not entitled to benefits before that date.

The parties stipulated that the medical treatment at Concentra was authorized. The physicians at Concentra referred Mr. Williams to an orthopedic specialist. Dr. Hanissian, Mr. Williams' personal physician, also referred Mr. Williams to an orthopedic group, OrthoMemphis. Mr. Williams is currently a patient of Dr. Brown at OrthoMemphis. The Court finds it appropriate to designate Dr. Brown as Mr. Williams' authorized treating physician, and NewEgg shall be responsible for medical treatment expense with Concentra and Dr. Brown/OrthoMemphis. Mr. Williams has not presented evidence showing that he is entitled to temporary disability benefits at this time.

Therefore, the Court concludes that Mr. Williams has come forward with sufficient evidence to show that he is likely to prevail at a hearing on the merits as to compensability. Thus, his request for medical benefits is granted. However, due to a lack of medical evidence showing any periods of disability at this time, his request for temporary disability benefits is denied.

**IT IS, THEREFORE, ORDERED** as follows:

1. NewEgg or its workers' compensation carrier shall provide Mr. Williams reasonable and necessary medical treatment for his work injury pursuant to Tennessee Code Annotated section 50-6-204 (2014), to be initiated by NewEgg or its workers' compensation carrier providing Mr. Williams with continued medical treatment with Dr. Brown at OrthoMemphis who is designated as the authorized treating physician. Further, NewEgg or its workers' compensation carrier shall pay Mr. Williams' medical bills for treatment rendered after April 17, 2015, for his work injury. Mr. Williams or the medical providers shall furnish the medical bills to NewEgg or its workers' compensation carrier.

2. Mr. Williams' request for temporary disability benefits is denied. At this time, Mr. Williams has not come forward with sufficient evidence from which the Court may conclude he is likely to prevail at a hearing on the merits on this issue.

3.     This matter is set for an Initial (Scheduling) Hearing on December 9, 2015, at 1:30 p.m. central time.

4.     Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2014). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

5.     For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 5th day of November, 2015.**

**Judge Jim Umsted**
**Court of Workers' Compensation Claims**

Initial (Scheduling) Hearing:

An Initial (Scheduling) Hearing has been set with **Judge Jim Umsted, Court of Workers' Compensation Claims. You must call 615-532-9550 or toll-free at 866-943-0014 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1.  Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## APPENDIX

Exhibits:
1. Affidavit of Gregory Williams;
2. Form C-31 Medical Waiver and Consent;
3. Form C-20 Employer's First Report of Work Injury or Illness;
4. Form C-23 Notice of Denial of Claim for Compensation;
5. Form C-41 Wage Statement;
6. Correspondence dated July 29, 2015, from Dr. Gina Hanissian at Hanissian Health Care;
7. Medical record from Concentra Medical Centers, dated April 17, 2015;
8. Medical records from OrthoMemphis, dated March 27, April 17, April 22, and May 5, 2015;
9. Affidavit of Kranise Hawthorne; and
10. OrthoMemphis report dated May 5, 2015.[4]

Technical record:[5]
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. NewEgg, Inc.'s position statement of September 10, 2015

---

[4] The Court did not admit Exhibit 10 into evidence but marked it for identification only.

[5] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings, or any attachments to them, as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 5th day of November, 2015.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| David A. E. Lumb, Employee's Counsel | | | x | dl@darrellcastle.com |
| Adrienne Fazio, Employer's Counsel | | | x | afazio@manierherod.com |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

8